UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE ONE FUNDING, LLC, and DOES 1-10,<br><br>Defendants. | No.<br><br>NOTICE OF REMOVAL |

Mortgage One Funding, LLC ("Defendant"), by and through its undersigned counsel, and without waiving defenses of lack of subject matter or personal jurisdiction, improper venue, failure to state a claim upon which relief may be granted, or any other defense, hereby removes the above-captioned action from the Superior Court of the State of Washington in and for the County of Pierce, to this Court. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332(d), and 1453, as well as supplemental jurisdiction under 28 U.S.C. § 1367. This case may therefore be removed pursuant to 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Mortgage One Funding, LLC states as follows:

NOTICE OF REMOVAL – 1

## I.    BACKGROUND

1.      On April 29, 2026 Plaintiff Ron Littman ("Plaintiff") served a written complaint and summons on Defendant Mortgage One Funding captioned *Ron Littman v. Mortgage One Funding, LLC, and Does 1-10* (the "Complaint," attached hereto as Exhibit A). Compl. ¶ 1.

2.      The Complaint asserts claims for violations of: (1) the Telephone Consumer Protection Act, 47 U.S.C. § 227(c) ("TCPA"); (2) the Washington Telephone Solicitation Act, RCW 80.36.390 et seq. ("WTSA"); (3) the Washington Commercial Electronic Mail Act, RCW 19.190.060 ("CEMA"); and (4) the Consumer Protection Act, RCW 19.86 et seq. ("WCPA"). Compl. ¶¶ 52-82.

3.      Plaintiff alleges that he has received "unwanted text messages and phone calls solicitating [sic] financial services from Mortgage One." Id. ¶ 19.

4.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A are the true and correct copies of the Summons and Complaint served upon Mortgage One Funding in this action.

## II.    THIS COURT HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

### A.    Removal Standard.

5.      Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removal is proper under federal question jurisdiction where "a federal cause of action [] appear[s] on the face of the complaint." *Felton v. Unisource Corp.*, 940 F.2d 503, 506 (9th Cir. 1991).

6.      Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." State and

NOTICE OF REMOVAL – 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

federal claims are "part of the same case or controversy" where "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

**B.    Federal Question Jurisdiction Exists Over Plaintiff's TCPA Claims.**

7.    Removal based on federal question and supplemental jurisdiction is proper because (i) Plaintiff brings federal causes of action under the TCPA; and (ii) the state and federal law claims form part of the same case or controversy—namely, Plaintiff bases both the state and federal claims on the alleged initiation of unwanted telephone solicitation. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

**C.    The Court Has Supplemental Jurisdiction Over the State Law Claims.**

8.    All of Plaintiff's causes of action are part of the same case or controversy and would ordinarily be expected to be tried together. Specifically, all of Plaintiff's causes of action arise out of Mortgage One Funding's alleged initiation of unwanted telephone solicitation. Compl. ¶¶ 52–82.

9.    This Court has found subject-matter jurisdiction based on federal question and supplemental jurisdiction in similar circumstances. *See Barton v. Real Innovation Inc.*, 792 F. Supp. 3d 1195, 1203 (W.D. Wash. 2025) ("The Court has federal question jurisdiction over Plaintiff's TCPA claims. The Court has supplemental jurisdiction over his state law claims.") (internal citation omitted).

**III.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA**

10.    Independently and alternatively, this Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Removal based on CAFA is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) minimal diversity of citizenship exists between Plaintiff and Mortgage One Funding; and

NOTICE OF REMOVAL – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

(iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

11.     As a preliminary matter, Mortgage One Funding denies Plaintiff's factual allegations and denies that Plaintiff, or the putative class Plaintiff purports to represent, is entitled to the relief requested; Mortgage One Funding does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable law, and Mortgage One Funding does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. However, as set forth below, based on Plaintiff's allegations in the Complaint, Plaintiff's prayer for relief, and publicly available information, all requirements for jurisdiction under CAFA have been met.

**A.      The Putative Class Has More Than 100 Members.**

12.     Plaintiff states in the Complaint that "[t]he exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least thousands of persons at this time, and individual joinder in this case is impracticable." Compl. ¶ 22.

13.     Without conceding any of Plaintiff's allegations, including the allegation that Mortgage One Funding initiated unwanted telephone solicitation calls, given the *en masse* nature of telemarketing, the putative class readily and easily satisfies the 100-member threshold. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.      Diversity of Citizenship Exists.**

14.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil*

NOTICE OF REMOVAL – 4

*Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010). For purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

*15.* Defendant Mortgage One Funding is a Michigan limited liability company with its principal place of business located in Clawson, Michigan. Thus, Mortgage One Funding is a citizen of Michigan. *Id.*

16. CAFA's minimal diversity requirement is satisfied here because Mortgage One Funding is a citizen of Michigan, and the putative nationwide class (Compl. ¶ 21) necessarily includes members from states other than Michigan. 28 U.S.C. § 1332(d)(2)(A) (CAFA's minimal diversity requirement is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**C.     The Amount in Controversy Exceeds $5,000,000.**

17. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

18. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. Rep. 109-14, at 42 (2005).

19. In alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy." *Ibarra v. Manheim*

NOTICE OF REMOVAL – 5

*Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015*); see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed) ("Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.").

20.    Although Mortgage One Funding denies Plaintiff's factual allegations and denies that Plaintiff or the class Plaintiff seeks to represent is entitled to relief, as detailed below, more likely than not Plaintiff's allegations and prayer for relief put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[1]

21.    Plaintiff seeks statutory damages of $1,500 for each violation of the TCPA. Compl. ¶ 96.

22.    Plaintiff also seeks statutory damages of $1,000 for each violation of the WTSA. *Id*. ¶ 97.

23.    Plaintiff also seeks statutory damages of $500 for each violation of the Washington Commercial Electronic Mail Act. *Id*. ¶ 98.

24.    Plaintiff also seeks statutory damages of $1,000 for each violation of the Washington Consumer Protection Act. *Id.* ¶ 99.

25.    Plaintiff also seeks treble damages plus costs and attorneys' fees. *Id*. ¶¶ 100-101.

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Mortgage One's references to specific damage amounts are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Mortgage One maintains that Plaintiff's claims lack merit and that Mortgage One is not liable to Plaintiff or any putative class member. Mortgage One expressly denies that either Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the Complaint. In addition, Mortgage One denies that liability or damages can be established on a classwide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

NOTICE OF REMOVAL – 6

26.     The putative class is "believed to be thousands of persons at this time" (*Id*. ¶ 22) with each nationwide Class member incurring at least $1,500 in damages and each Washington resident Class member incurring at least $2,500 in damages. Treble damages would permit the court to triple the amount of actual damages. Therefore, the putative Washington subclass need only contain 667 members to satisfy the $5,000,000 amount-in-controversy requirement. As explained above, the *en masse* nature of telemarketing suggests that the putative class could be thousands of persons. Therefore, the $5,000,000 CAFA threshold is satisfied by the Washington subclass's damages claims alone, without even accounting for the claims of the nationwide class.

27.     While Mortgage One Funding denies that Plaintiff or any member of the putative class states a claim or is entitled to any damages or relief whatsoever, Mortgage One Funding has demonstrated for removal purposes that the amount in controversy under CAFA is satisfied based on the damages demanded on behalf of the Washington subclass.

**IV.     ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

**A.     This Notice of Removal Is Timely.**

28.     Under 28 U.S.C. §§ 1446(b) and 1453, a notice of removal must be filed within 30 days of the completion of service of the summons and complaint on the removing defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

29.     On information and belief, Plaintiff's Complaint was served on Defendant Mortgage One Funding, LLC on April 29, 2026.

30.     Under 28 U.S.C. §§ 1446(b), timely notices of removal are filed within 30 days of the completion of service. Thirty days from April 29, 2026 is May 29, 2026.

31.     Because this Notice of Removal is filed before the May 29, 2026 service deadline, it is timely.

NOTICE OF REMOVAL – 7

**B.      Venue Is Proper in This Court.**

32.      This action is yet to be filed in the Superior Court of the State of Washington in and for the County of Pierce. Venue is therefore proper in the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1441(a), because this Court encompasses the district where this action is currently pending.

**C.      The Rule of Unanimity Is Satisfied.**

33.      Mortgage One Funding, LLC is the only named and served defendant in this action. The remaining defendants are identified only as "Does 1–10." Fictitious Doe defendants are disregarded for purposes of determining whether all defendants have consented to removal. *See* 28 U.S.C. § 1441(b)(1). Accordingly, the rule of unanimity is satisfied.

**D.      Copies of Process, Pleadings, and Orders Served on Defendant.**

34.      Pursuant to 28 U.S.C. § 1446(a), the following document served by Plaintiff on Defendant is attached hereto: Exhibit A – Summons & Complaint.

**E.      Notice to State Court and Plaintiff.**

35.      Mortgage One Funding, LLC will not file this Notice of Removal with the Clerk of the Superior Court of Washington, Pierce County, because the matter has not yet been filed with that Court. *See Pope v. Spokane School Dist. No. 81*, C21-1079-JCC-SKV, 2021 WL 5967921, at *11 (W.D. Wash. Nov. 19, 2021) ("In this case, at the time [the defendant]'s deadline for removal expired, there was no state court proceeding in which to file a copy of the notice of removal . . . [the defendant] was not required to initiate the state court proceeding, either by making a written demand under CR 3(a) or by submitting a state court filing fee so that a copy of the notice of removal could be filed in state court.") (citing *Alderson v. Delta Air Lines, Inc.*, C18-1374-JLR, WL 5240811, at *1-2 (W.D. Wash. Oct. 22, 2018)).

NOTICE OF REMOVAL – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

36.    "Under Washington law, state courts have jurisdiction over cases 'from the time of commencement of the action by service of summons, or by filing of a complaint.'" *Pope*, 2021 WL 5967921, at *3 (citing RCW 4.28.020); *see also* Wash. CR 3(a). "A state court therefore acquires jurisdiction over a matter upon the service of a summons and complaint." *Pope*, 2021 WL 5967921, at *3 (citing *Seattle Seahawks, Inc. v. King Cnty.*, 913 P.2d 375, 376 (Wash. 1996*)); see also Dustin v. Meridian Fin. Servs.,* C17-1087-JCC, 2017 WL 3773714, at *3 (W.D. Wash. Aug. 31, 2017) ("Filing a lawsuit in state court is not a condition precedent to its removal to federal court . . . . Under Washington law, a defendant's 30 day clock for filing [a] notice of removal begins either when she is served with [a] summons and complaint, or when the complaint is filed in state court[.]"). Accordingly, notwithstanding Plaintiff's failure to file the Complaint, removal is proper.

## V.    CONCLUSION

Based on the foregoing, Mortgage One Funding respectfully requests that this Action be removed from the Superior Court of the State of Washington in and for the County of Pierce to the United States District Court for the Western District of Washington. If any question arises as to the propriety of the removal of this Action, Mortgage One Funding respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

DATED this 27th day of May, 2026.

CORR CRONIN LLP

*/s/ Todd T. Williams*
Todd T. Williams, WSBA No. 45032
Mark Rutherford, WSBA No. 57519
1015 Second Avenue, Floor 10
Seattle, WA  98104-1001
(206) 625-8600 Phone

NOTICE OF REMOVAL – 9

twilliams@corrcronin.com
mrutherford@corrcronin.com


Nathan Lichtenstein, *(pro hac vice forthcoming)*
Khoa D. Trinh, *(pro hac vice forthcoming)*
ARONBERG GOLDGEHN
225 W. Washington St. Suite 2800
Chicago, IL 60606
(312) 755-3148 (telephone)
(312) 828-9635 (facsimile)
Email: nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

*Attorneys for Defendant*

NOTICE OF REMOVAL – 10