# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

RON LITTMAN, on behalf of himself and all others similarly situated,

        Plaintiff,

   vs.

MORTGAGE ONE FUNDING, LLC, and DOES 1-10,

        Defendants.

NO.

SUMMONS

TO MORTGAGE ONE FUNDING, LLC

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons (60 days if served outside the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED April 26, 2026

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff

SUMMONS - 2

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MORTGAGE ONE FUNDING, LLC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190.060 & WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86, ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Ron Littman, on behalf of himself and others similarly situated and complains against Defendants MORTGAGE ONE FUNDING, LLC, and for cause of action against the Defendants complains and alleges as follows:

## I.    INTRODUCTION

1.    Some businesses in America survive solely by cold-calling Americans, pestering them with unwanted calls.

2.    Those businesses don't have a competitive advantage sufficient to survive via word of mouth or traditional advertising without resorting to illegal actions.

3.    Mortgage One Funding, LLC, is one such business.

COMPLAINT - 1



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

4.    Its website (www.mortgageonefunding.com) says it funds mortgage loans, which is a useful service to offer the community, but it has been sued before for trying to find customers such as the Plaintiff via unwanted and illegal telemarketing.

## II.    PARTIES, JURISDICTION & VENUE

5.    The Plaintiff is a resident of Pierce County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

6.    Defendant Mortgage One Funding, LLC, ("Mortgage One") is a Michigan limited liability company with a  principal office address of 1055 W Maple RD, Clawson, MI 48017

7.    Mortgage One's Washington registered agent is Incorp Service, Inc, 4505 Pacific Hwy E Ste C-2, Fife, WA 98424.

8.    Does 1-10 are currently unknown parties who acted as Mortgage One's agents in telephone soliciting consumers and the Plaintiff.

9.    Mortgage One regularly solicits business from Washington State residents and does substantial business in Washington State.

10.    The acts alleged in this complaint occurred in Pierce County, Washington State, during the last four years.

11.    At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

12.    The Defendants are within the jurisdiction of the Court.

13.    Venue is proper in Pierce County because many of the violations against the Plaintiff and putative class members occurred in this Court.

COMPLAINT - 2

## III.    FACTUAL ALLEGATIONS

**Lead Plaintiff Ron Littman**

14.    The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.

15.    It is a cell phone that the Plaintiff uses as a residential phone line.

16.    The Plaintiff uses his cell phone number for personal use only, as one would use what used to be referred to colloquially as a "landline."

17.    The Plaintiff registered his Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days prior to the phone calls in the table below.

18.    At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendants prior to receiving the calls at issue.

**The Communications**

19.    For the last four years Plaintiff has received unwanted text messages and phone calls solicitating financial services from Mortgage One.

20.    This list of calls below is a non-exhaustive list of calls and text messages the Plaintiff has received this year, each of them from Mortgage One or an agent acting on behalf of Mortgage One, each voice call and text message encouraging the purchase of financial services from Mortgage One.

| Call # | Date | Calling # | Notes |
|--------|------|-----------|-------|
| 1 | 11/18/2025 | 520 569 2457 | Text message from Sam with Mortgage One Funding |
| 2 | 11/19/2025 | 520 569 2457 | Text message "just following up on my last text" |
| 3 | 11/21/2025 | 253 461 3795 | Voice call from Jay. Said he was from Mortgage One Funding and said his call back number is 586 808 1212 |
| 4 | 11/25/2025 | 586 808 1212 | Jay called back (voice call) |

COMPLAINT - 3

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

## IV.    CLASS ACTION

21.    The Plaintiff brings this class action lawsuit pursuant to CR 23 and seeks certification of the following Classes:

### NATIONWIDE CLASSES

**DNCR Class**: The Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or agents calling on behalf of the Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

### WASHINGTON STATE CLASSES

**WA DNCR Class:** The Plaintiff and all persons within Washington State who the Defendants (or agents calling on behalf of the Defendants) initiated a telephone solicitation call to their telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations in violation of RCW 80.36.390(9).

**WA CEMA Class** The Plaintiff and all persons within Washington State who the Defendants (or agents calling on behalf of the Defendants) initiated or assisted in the transmission of one or more commercial electronic text messages to their phone number without consent in violation of RCW 19.190.060.

22.    **Numerosity:** The exact number of Class members is unknown but based on the en masse nature of telemarketing it is believed to be at least thousands of persons at this time, such that individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records or those of their agents.

23.    **Commonality** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes.

24.    **Typicality:**  The Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of the Defendants' telemarketing calls and Class members sustained similar injuries and damages as a result of the Defendants' uniform illegal conduct.

COMPLAINT - 4



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

25.　**Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

26.　**Risk of inconsistency**: The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for the Defendants.

26.　**Risk of harm to Class interests**: The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

27.　**Defendants' actions are universal to Classes**: The Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole.

28.　**Predominancy**: Questions of law or fact common to the members of the Classes predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. Whether Defendants obtained "prior express invitation or permission" under the TCPA before the calls at issue;

b. Whether Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

COMPLAINT - 5

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

c. Whether Defendants sent text messages without providing the party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendants sent to Washington residents' cell phones or pagers;

e. Whether Defendants should be held liable for violations committed on their behalf, if any; and

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

29.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

30.    **Exclusions**: Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## V.    CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

31.    Mortgage One is a "seller" as defined by 47 CFR § 64.1200(f)(10).

32.    Mortgage One is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

33.    All of the calls the Defendants initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

COMPLAINT - 6



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

34. Mortgage One and its agents engaged in "telephone solicitation" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(a).

35. Mortgage One and its agents made "telephone calls" to the Plaintiff and Washington State residents as defined by RCW 80.36.390(1)(c).

36. Mortgage One and its agents are "telephone solicitors" as defined by RCW 80.36.390(4).

37. Mortgage One and its agents are "persons" as defined by RCW 19.190.010(11).

38. The Plaintiff is a "person" as defined by RCW 19.190.010(11).

39. Mortgage One and its agents sent the Plaintiff and Washington State residents "electronic text messages" as defined by RCW 19.190.010(6).

40. Mortgage One and its agents sent the Plaintiff and Washington State residents "commercial electronic text messages" as defined by RCW 19.190.010(3).

41. Mortgage One and its agents "assisted in the transmission" of commercial electronic text messages to the Plaintiff and Washington State residents as defined by RCW 19.190.010(1).

42. Mortgage One and its agents did "initiate the transmission" of commercial electronic text messages to the Plaintiff and Washington State residents as defined by RCW 19.190.010(7).

43. Mortgage One and its agents are "persons" as defined by RCW 19.86.010(1).

44. The Plaintiff is a "person" as defined by RCW 19.86.010(1).

45. Mortgage One and its agents engaged in "trade" and "commerce" with the Plaintiff and Washington State residents as defined by RCW 19.86.010(2).

46. The calls were initiated to encourage the Plaintiff and Washington State Residents to purchase goods and/or services from Mortgage One.

COMPLAINT - 7

47.    The phone ringing and listening to pre-recorded or artificial voice calls where it takes time and annoyance to talk to a live person is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

48.    Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

49.    The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

50.    Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

51.    Trying to figure out who is behind the calls and texts is obnoxious and costs the Plaintiff time.

## COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(c)

52.    Pursuant to 47 U.S.C. § 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

53.    The Plaintiff re-alleges the previous paragraphs supra.

54.    The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

55.    The Defendant and its agents violated 47 U.S.C. § 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

56.    No exception under 47 C.F.R. § 64.1200 or 47 U.S.C. § 227 applies to their calls.

57.    The Defendants violated 47 U.S.C. § 227(c) on no fewer than ten (10) occasions.

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

58.    The Plaintiff has been damaged and injured as a result of these actions.

59.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 2 – WASHINGTON TELEPHONE SOLICITATION ACT
### RCW 80.36.390(9)

60.    Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

61.    The Plaintiff re-alleges the previous paragraphs supra.

62.    The Defendant and its agents initiated telephone solicitations to the Plaintiff's telephone number after he caused it to be registered on the federal do not call registry.

63.    Therefore, the Defendants violated RCW 80.36.390(9) on no fewer than ten (10) occasions.

64.    The Plaintiff has been damaged and injured as a result of these actions

65.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 3 – WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT
### RCW 19.190.060

66.    Washington State's Commercial Electronic Mail Act ("CEMA") prohibits initiating or substantially assisting in the transmission of any "electronic text message sent to promote real property, goods, or services for sale or lease" without the explicit permission of the receiving party.

67.    No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a

COMPLAINT - 9

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

68.    The Washington legislature has found that the practices covered CEMA are matters vitally affecting the public interest for the purpose of applying the Consumer Protection Act, RCW 19.86 *et seq*. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying Consumer Protection Act. RCW 19.190.060.

69.    The Washington State Supreme Court has held that sending a text message in violation of CEMA is a per-se violation of the Consumer Protection Act, meaning it automatically satisfies all five elements. "In fact, damages for CEMA violations are automatic." *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 729, 406 P.3d 1149 (2017).

70.    The Plaintiff realleges the previous paragraphs supra.

71.    The Defendant and its agents either initiated or substantially assisted in the transmission of text messages to the Plaintiff that promoted the sale of goods or services

72.    Therefore, the Defendants violated RCW 19.190.060 on no fewer than ten (10) occasions.

73.    The Plaintiff has been damaged and injured as a result of these actions.

74.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 4 – WASHINGTON CONSUMER PROTECTION ACT
### RCW 19.86 ET SEQ

75.    Pursuant to RCW 80.36.390(12), a violation of RCW 80.36.390 is a per se violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

COMPLAINT - 10

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

76.    Pursuant to RCW 19.190.060(2), a violation of RCW 19.190.060 is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

77.    The Plaintiff re-alleges the previous paragraphs supra.

78.    Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

79.    Each of the previously pleaded violations of RCW 19.190.060 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

80.    Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than twenty (20) occasions.

81.    The Plaintiff has been damaged and injured as a result of these actions.

82.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 5 – INJUNCTIVE RELIEF

83.    Pursuant to 47 U.S.C. § 227(c)(5)(A), an individual may bring a private action to enjoin violations of the Telephone Consumer Protection Act.

84.    Pursuant to RCW 80.36.390(13), an individual may bring a private action to enjoin violations of the Washington Telephone Solicitation Act.

85.    Pursuant to RCW 19.190.090(1), an individual may bring a private action to enjoin violations of the Washington Commercial Electronic Mail Act.

86.    Pursuant to RCW 19.86.090, an individual may bring a private action to enjoin violations of the Washington Consumer Protection Act.

87.    The Plaintiff re-alleges the previous paragraphs supra.

88.    The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards residents of the United States and Washington State in the manner described above.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000

89. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(c), RCW 80.36.390, RCW 19.190.060 and RCW 19.86 *et seq.*

90. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

91. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

92. Injunctive relief should therefore be granted by this Court.

## VI. JURY DEMAND

93. The Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

94. WHEREFORE, the Plaintiff prays that the proposed Classes be certified under CR 23, and that the Plaintiff and his counsel be appointed to represent the Classes and for judgment be entered against the Defendants for:

95. The Plaintiff's actual damages;

96. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

97. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

98. For statutory damages of $500.00 per violation of the Washington Commercial Electronic Mail Act;

99. For statutory damages of $1,000.00 per violation of the Washington Consumer Protection Act;

100. For treble damages pursuant to 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

COMPLAINT - 12



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206 800 6015

101.   For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13) and RCW 19.86.090;

102.   For all injunctive relief as pleaded for above;

103.   For any and all other relief this Court deems proper.

DATED April 26, 2026.

NORTHWEST DEBT RESOLUTION, LLC

_____
Peter Schneider, WSBA# 43131
Attorney for Plaintiff

COMPLAINT - 13

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015