HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RON LITTMAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

MORTGAGE ONE FUNDING, LLC, and DOES 1-10,

Defendants.

No. 3:26-cv-05548-BHS

**DEFENDANT MORTGAGE ONE FUNDING LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NOTE ON MOTION CALENDAR:**
**July 30, 2026**

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – i

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................. 2

III. LEGAL STANDARD ........................................................................................... 2

IV. ARGUMENT ......................................................................................................... 3

    A.    The Complaint Fails to Satisfy Rule 8 Because It Does Not Provide Fair Notice of the Communications Giving Rise to Plaintiff's Claims. ............................................ 3

    B.    Count I Fails to State a Claim Under the TCPA. .............................................. 4

    C.    Count II Fails to State a Claim Under the Washington Telephone Solicitation Act. ...... 6

    D.    Count III Fails to State a Claim Under CEMA. ................................................ 6

    E.    Count IV Fails to State a Claim Under the Washington Consumer Protection Act. ....... 7

V. Plaintiff Lacks Article III Standing to Seek Injunctive Relief. ............................. 9

VI. Plaintiff Fails to Plausibly Allege Willful or Knowing Violations. ..................... 9

VII. CONCLUSION .................................................................................................... 10

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – ii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ......................................................................................*passim*

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................ 2, 3, 7, 10

*Blair v. Assurance IQ LLC*,
 No. C22-1314-JCC, 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023).................. 3, 5, 9, 10

*Gragg v. Orange Cab Co.*,
 942 F. Supp. 2d 1111 (W.D. Wash. 2013) ................................................ 8

*Hickey v. Voxernet LLC*,
 887 F. Supp. 2d 1125 (W.D. Wash. 2012) ................................................ 6, 7

*Mendez v. Optio Solutions, LLC*,
 219 F. Supp. 3d 1012 (S.D. Cal. 2016) .................................................... 3, 4

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011) ................................................................ 3

**State Cases**

*Aaland v. CRST Home Solutions, LLC*,
 35 Wash. App. 2d 501, 511-12 (2025) .................................................... 7

*Panag v. Farmers Ins. Co. of Wash.*,
 166 Wash.2d 27 (2009) .......................................................................... 8

**Federal Statutes**

47 U.S.C. § 227(c).................................................................................... 4, 6

**State Statutes**

RCW 19.190.010(3) .................................................................................. 7

RCW 19.190.060...................................................................................... 6, 7

RCW 80.36.390(9) .................................................................................... 6

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – iii

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**Rules**

Fed. R. Civ. P. 8 ........................................................................................ 1, 3, 4

Fed. R. Civ. P. 12(b)(1) ................................................................................ 1, 9

Fed. R. Civ. P.  12(b)(6) ............................................................................... 1, 2

**Regulations**

47 C.F.R. § 64.1200(c) ...................................................................................... 4

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – iv

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Defendant Mortgage One Funding LLC ("Mortgage One"), by undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully moves to dismiss Plaintiff's Complaint. In support of this Motion, Mortgage One states as follows:

## I. INTRODUCTION

Plaintiff's Complaint asserts five statutory causes of action under the Telephone Consumer Protection Act ("TCPA"), the Washington Telephone Solicitation Act ("WTSA"), the Washington Commercial Electronic Mail Act ("CEMA"), and the Washington Consumer Protection Act ("CPA"). Despite alleging that Mortgage One contacted Plaintiff "for the last four years," the Complaint identifies only four communications occurring during a single week in November 2025. Even so, Plaintiff alleges "no fewer than ten" violations of the TCPA, WTSA, and CEMA, and "no fewer than twenty" violations of the CPA, without identifying the remaining communications or pleading facts demonstrating how they violated the respective statutes.

The Complaint suffers from two independent pleading defects. First, it fails to satisfy Rule 8 because it does not provide Mortgage One fair notice of the communications giving rise to Plaintiff's claims. Plaintiff never identifies the telephone number that allegedly received the communications, instead alleging only that he used "a Washington State area code cell phone number." Without that information, Mortgage One cannot identify the communications at issue or meaningfully respond to the allegations.

Second, the Complaint fails to state a plausible claim under Rule 12(b)(6). Plaintiff repeatedly recites statutory elements and alleges legal conclusions—such as that Defendants committed "no fewer than ten" statutory violations—but pleads facts concerning only four communications. Even those four communications are alleged only in conclusory fashion and fail to plausibly establish the elements of Plaintiff's claims. Because the Complaint fails to satisfy Rules 8 and 12(b)(6), it should be dismissed.

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## II. FACTUAL BACKGROUND

Plaintiff alleges that he has received unwanted telephone calls and text messages from Mortgage One "for the last four years." Compl. ¶ 19. Despite that allegation, the Complaint identifies only four communications allegedly occurring between November 18 and November 25, 2025: two text messages, one voicemail message, and one telephone call originating from three different telephone numbers. *Id.* ¶ 20. The Complaint does not identify the time of any of those communications and does not identify any dates, times, or contents of the additional communications allegedly received during the preceding four years.

The Complaint alleges that the four identified communications violated the TCPA, the WTSA, CEMA, and the CPA. It further alleges that Defendants committed "no fewer than ten" violations of the TCPA, WTSA, and CEMA, and "no fewer than twenty" violations of the CPA. *Id.* ¶¶ 57, 63, 72, 80. The Complaint does not identify the additional communications allegedly supporting those statutory violations.

Plaintiff further alleges that he suffered, among other things, invasion of privacy, annoyance, aggravation, emotional distress, nuisance, loss of time, depletion of his cellular telephone battery, consumption of electricity, and use of his cellular telephone resources. *Id.* ¶¶ 47-51. Plaintiff seeks statutory damages, treble damages, attorneys' fees and costs, and injunctive relief. *Id.*, Prayer for Relief.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the defendant fair notice of the claims and the grounds upon which they rest. *Twombly*, 550 U.S. at 555. Although detailed factual allegations are unnecessary, a complaint must contain sufficient factual matter to permit the defendant to identify the conduct at issue and prepare a responsive pleading. *Iqbal*, 556 U.S. at 678; *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

As one court in this District has explained, "When, as here, a fact is an element of the claim . . . it is insufficient for the plaintiff to merely recite that fact verbatim without other supporting details." *Blair v. Assurance IQ LLC*, No. C22-1314-JCC, 2023 WL 6622415, at *3 (W.D. Wash. Oct. 11, 2023) (quoting *Forney Indus., Inc. v. Daco of Mo., Inc.*, 835 F.3d 1238, 1243 (10th Cir. 2016)).

## IV. ARGUMENT

### A.   The Complaint Fails to Satisfy Rule 8 Because It Does Not Provide Fair Notice of the Communications Giving Rise to Plaintiff's Claims.

The Complaint fails the basic Rule 8 requirement for fair notice. Plaintiff alleges that Mortgage One contacted him "for the last four years," but identifies only four communications occurring during a single week in November 2025. Compl. ¶¶ 19-20. Plaintiff then alleges "no fewer than ten" violations of the TCPA, WTSA, and CEMA, and "no fewer than twenty" violations of the CPA. *Id*. ¶¶ 57, 63, 72, 80. The Complaint does not identify the remaining communications, when they occurred, what they contained, who made them, or which statutes they allegedly violated.

That is a fair-notice problem, not a request for evidentiary detail. In *Mendez v. Optio Solutions, LLC*, 219 F. Supp. 3d 1012 (S.D. Cal. 2016), the court held that a TCPA complaint failed to provide fair notice where it omitted sufficient identifying information for the defendant to determine which calls formed the basis of the action. The court explained that the defendant

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

must be able "to identify those calls which form the basis for its potential liability," and required the plaintiff to amend to include a redacted version of the receiving telephone number sufficient to identify the calls at issue. *Id*. at 1015-16.

Recent authority from this District reinforces the same principle. In *Barton v. Real Innovation Inc.*, the plaintiff listed 77 specific calls but also alleged more than 200 additional calls. The court declined to award damages on the additional calls because, "[w]ithout any information about those calls beyond the conclusory statement that they existed," the court had "insufficient basis to find that they violated the statute and award damages." 792 F. Supp. 3d 1195, 1210 (W.D. Wash. 2025). Although the court ultimately entered default judgment, it declined to award statutory damages for more than 200 additional alleged calls because the plaintiff failed to provide factual information regarding those calls beyond the conclusory assertion that they existed. *Barton*, 792 F. Supp. 3d at 1210.

The Complaint also improperly combines all communications into all counts. The TCPA, WTSA, CEMA, and CPA contain different elements and regulate different conduct. Some provisions concern telephone solicitations. Others concern commercial electronic text messages. Yet Plaintiff never identifies which of the four communications allegedly supports which count, and never pleads the additional communications necessary to support the alleged "ten" and "twenty" violations.

Accordingly, the Complaint fails to provide the fair notice required by Rule 8 and should be dismissed with leave to amend.

### B. Count I Fails to State a Claim Under the TCPA.

Count I asserts a claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c). Compl. ¶¶ 52-59. Section 227(c)(5) provides a private right of action to a person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of regulations promulgated under § 227(c). In *Barton*, this District explained that §

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 4

227(c) requires calls "within any 12-month period by or on behalf of the same entity," and analyzed damages by determining which specifically identified calls satisfied that requirement. 792 F. Supp. 3d at 1210-11.

The Complaint fails to plausibly allege that requirement. Plaintiff identifies four communications: two text messages, one voicemail, and one telephone call. Compl. ¶ 20. Although Count I alleges "no fewer than ten" TCPA violations (*Id*. ¶ 57), the Complaint does not identify the six additional communications, whether they were calls or texts, whether they were made by Mortgage One or someone else, whether they were made within a twelve-month period, or whether they were directed to the same number allegedly registered on the National Do Not Call Registry.

The Complaint also fails to plead facts showing that each identified communication was a "telephone solicitation." Plaintiff alleges in conclusory fashion that all communications were telephone solicitations, *Id*. ¶ 33, but the factual table describes only: (1) a text message from "Sam with Mortgage One Funding"; (2) a text stating "Just following up on my last text"; (3) a voicemail from "Sam/Jay" stating that he was from Mortgage One Funding and to call back; and (4) a call from "Jason with Mortgage One." *Id*. ¶ 20. The Complaint does not plead the content of the voicemail or call showing that either encouraged the purchase of goods or services, nor does it plead facts establishing that the bare follow-up text was itself a solicitation. See *Blair v. Assurance IQ LLC*, 2023 WL 6622415, at *3 (W.D. Wash. Oct. 11, 2023) ("When, as here, a fact is an element of the claim . . . it is insufficient for the plaintiff to merely recite that fact verbatim without other supporting details.").

Because Count I relies on conclusory allegations rather than facts plausibly showing more than one actionable telephone solicitation to a registered number by or on behalf of the same entity, Count I should be dismissed.

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**C.      Count II Fails to State a Claim Under the Washington Telephone Solicitation Act.**

Count II asserts a claim under RCW 80.36.390(9). Compl. ¶¶ 60-65. That subsection prohibits a person from initiating, or causing to be initiated, a telephone solicitation to a number registered on the federal Do Not Call Registry. *Barton* explains that RCW 80.36.390(9) "tracks" a TCPA § 227(c) claim for calls made to a number listed on the Do Not Call Registry. 792 F. Supp. 3d at 1208.

For the same reasons Count I fails, Count II fails. Plaintiff does not identify the telephone number allegedly contacted, does not plausibly allege that the specific number contacted was registered on the federal Do Not Call Registry, and does not plead facts showing that any identified communication was an actionable telephone solicitation to a registered number. Compl. ¶¶ 14-20, 60-65.

The four identified communications do not cure that defect. Two are texts, one is a voicemail asking for a return call, and one is a call attributed to "Jason with Mortgage One." Compl. ¶ 20. The Complaint does not plead the content of the voicemail or call sufficient to show that either was a telephone solicitation under the WTSA. Nor does the Complaint explain how the two brief text messages support Count II. Instead, Plaintiff alleges the statutory conclusion that Defendants "initiated telephone solicitations" on "no fewer than ten" occasions. Compl. ¶¶ 62-63. Under *Iqbal* and *Barton*, that is insufficient. Count II should be dismissed.

**D.      Count III Fails to State a Claim Under CEMA.**

Count III asserts a claim under RCW 19.190.060. Compl. ¶¶ 66-74. CEMA prohibits initiating or assisting in the transmission of a commercial electronic text message to a telephone number assigned to a Washington resident for cellular or pager service. *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1132-33 (W.D. Wash. 2012). A "commercial electronic text message" is an electronic text message "sent to promote real property, goods, or services for

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

sale or lease." RCW 19.190.010(3); see also *Aaland v. CRST Home Solutions, LLC*, 35 Wash. App. 2d 501, 511-12 (2025).

Count III alleges that Defendants violated RCW 19.190.060 "on no fewer than ten (10) occasions." Compl. ¶ 72. Yet the Complaint identifies only two text messages. *Id*. ¶ 20. Plaintiff does not identify the remaining eight alleged text messages, when they were sent, their contents, the originating numbers, or any facts demonstrating that they constituted commercial electronic text messages within the meaning of RCW 19.190.060.

That omission is significant because CEMA liability turns on the content of the text message itself. See *Hickey*, 887 F. Supp. 2d at 1132-33 (examining the content of the alleged text message to determine whether it qualified as a commercial electronic text message); *Walker-Schaut*, 2024 WL 2702007, at *2-*3 (analyzing the representative text messages alleged in the complaint to determine whether the plaintiff plausibly stated a CEMA claim).

Nor do the allegations concerning the two identified text messages plausibly establish that they independently violate CEMA. Plaintiff merely quotes one text (the completeness of which is unknown, and conclusory alleges that both were "commercial electronic text messages." Compl. ¶¶ 20, 69-72. The Complaint pleads no facts explaining how either message satisfies the statutory definition under RCW 19.190.010(3) or why either message independently violated RCW 19.190.060. Instead, Plaintiff relies on legal conclusions and incorporates those conclusions into ten alleged statutory violations. Such "[t]hreadbare recitals of the elements of a cause of action" are insufficient under *Twombly* and *Iqbal*. Accordingly, Count III should be dismissed.

**E.      Count IV Fails to State a Claim Under the Washington Consumer Protection Act.**

Count IV asserts a CPA claim based on alleged violations of the WTSA and CEMA. Compl. ¶¶ 75-82. To state a CPA claim, a plaintiff must plead: "(1) unfair or deceptive act or

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 7

practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1116 (W.D. Wash. 2013).

Plaintiff's CPA claim fails for two reasons. First, it is derivative of inadequately pleaded WTSA and CEMA violations. Because Counts II and III fail, Plaintiff cannot rely on those alleged statutory violations to state a CPA claim.

Second, even if Plaintiff had adequately pleaded a CEMA violation, that would not automatically establish all elements of a CPA claim. In *Gragg*, the court held that CEMA's statutory language establishes only the first three CPA elements, and that a plaintiff still must plausibly plead the remaining two elements: injury to business or property and causation. *Id*. at 1117-20. The court dismissed the CPA claim because the plaintiff's alleged injuries—including invasion of privacy, aggravation, annoyance, loss of cell phone capacity, and burdens on the cell network—did not plausibly plead CPA injury and causation because, among other reasons, "the loss of storage space caused by receipt of one text message caused no pecuniary loss nor did it diminish the value of plaintiff's phone or other property," "plaintiff's alleged injury of 'aggravation and annoyance'…are plainly personal injuries, not business or property injuries," and "an invasion of privacy is a "personal" injury, rather than a 'business or property' injury." *Id*. at 1118-20.

Plaintiff pleads the same types of injuries here. He alleges that the calls and texts were annoying, invaded privacy, caused distress, wasted time, and used electricity and phone life. Compl. ¶¶ 47-51. Those allegations do not plausibly plead injury to business or property. See *Gragg*, 942 F. Supp. 2d at 1118-20; *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 57 (2009) ("damages for mental distress, embarrassment, and inconvenience are not recoverable under the CPA"). Plaintiff also does not plead facts showing that any money or property was diminished because of the alleged communications. Count IV should be dismissed.

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 8

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## V. Plaintiff Lacks Article III Standing to Seek Injunctive Relief.

Count V seeks prospective injunctive relief. Compl. ¶¶ 83-92. Plaintiff, however, alleges only past communications in November 2025. *Id*. ¶ 20.  In *Blair v. Assurance IQ LLC*, 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023), this District dismissed a TCPA plaintiff's request for injunctive relief on materially similar facts. The court held that a plaintiff seeking injunctive relief must allege continuing adverse effects from past conduct or a sufficient likelihood that he will again be wronged in a similar way. *Id*. at *4-5. The plaintiff in *Blair* alleged only past calls, with the last call occurring three months before the amended complaint and did not allege a sufficient likelihood of future harm. *Id*. The court dismissed the request for injunctive relief for lack of Article III standing. *Id*. The same result follows here. Plaintiff alleges only past calls and texts. He does not allege that Mortgage One continues to contact him or that future injury is actual and imminent. Because past exposure to allegedly unlawful conduct is insufficient to confer standing for prospective relief, Count V should be dismissed under Rule 12(b)(1).

## VI. Plaintiff Fails to Plausibly Allege Willful or Knowing Violations.

Finally, Plaintiff seeks enhanced statutory damages based upon conclusory allegations that Mortgage One acted willfully or knowingly. In *Blair v. Assurance IQ LLC*, 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023), the court dismissed the plaintiff's request for treble damages because the complaint contained no factual allegations that the defendant's conduct was willful or knowing, notwithstanding the plaintiff's request that "[t]o the extent [defendant's] misconduct is determined to be willful and knowing, the Court should ... treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class." *Id*. at *4. The same deficiency exists here where the conclusory statement "The Defendants' actions were willful and wanton, and therefore the Plaintiffs damages should be trebled." Compl. ¶¶ 59, 65, 74, 82. Plaintiff alleges no facts demonstrating that Mortgage One

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 9

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

knowingly violated any statute, intentionally disregarded any legal obligation, or otherwise acted willfully. Instead, Plaintiff merely recites the statutory standard. Such conclusory allegations are insufficient under *Twombly*, *Iqbal*, and *Blair*. Accordingly, Plaintiff's claims for enhanced statutory damages should be dismissed.

### VII. CONCLUSION

For the foregoing reasons, Defendant Mortgage One Funding LLC respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety or for such other and further relief as the Court deems just and proper.

DATED this 2nd day of July, 2026.

*The undersigned certify that this motion contains 2951 words, in compliance with the Local Civil Rules.*

/s/ Nathan H. Lichtenstein

Nathan H. Lichtenstein (admitted *pro hac vice*)
Khoa D. Trinh (admitted *pro hac vice*)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
ktrinh@agdglaw.com
nlichtenstein@agdglaw.com

/s/Todd T. Williams

Todd T. Williams, WSBA No. 45032
Mark Rutherford, WSBA No. 57519
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600
twilliams@corrcronin.com
mrutherford@corrcronin.com

*Attorneys for Defendant*

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, a true and correct copy of the foregoing DEFENDANT MORTGAGE ONE FUNDING LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed and served via CM/ECF to all parties of record.

DATED July 2, 2026.

/s/ Khoa D. Trinh
Khoa D. Trinh (admitted *pro hac vice*)

DEFENDANT MORTGAGE ONE FUNDING LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT – 11

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900