HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>MORTGAGE ONE FUNDING, LLC, and DOES 1-10,<br><br>       Defendants. | NO. 3:26-cv-05548-BHS<br><br>PLAINTIFF'S RESPONSE TO MORTGAGE ONE FUNDING, LLC's MOTIONS TO DISMISS<br><br>NOTE FOR MOTION: 7/30/26 |

## I.  INTRODUCTION

Defendant Mortgage One Funding, LLC ("Mortgage One") seeks to escape liability at the pleading stage by demanding a hyper-technical level of evidentiary detail that the Federal Rules of Civil Procedure do not require. Mortgage One's Motion to Dismiss is a classic attempt to turn the "short and plain statement" standard of Rule 8 into a weapon.

Plaintiff's Complaint does not merely allege legal conclusions or recite the elements to claims; it identifies four specific, date-stamped telemarketing communications (two texts, one voice-mail, and one follow-up call) from distinct phone numbers linked directly to Mortgage One. These solicitations occurred within a single week on Plaintiff's residential cell phone, which has been registered on the National Do Not Call Registry ("DNCR") for years. These factual

PLAINTIFF'S RESPONSE - 1



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

allegations easily cross the line from "conceivable" to "plausible" under *Twombly* and *Iqbal*. Because Plaintiff has adequately pleaded claims under the TCPA, WTSA, CEMA, and the CPA, and possesses Article III standing to seek injunctive relief, Mortgage One's motions to dismiss should be denied in their entirety.

## II.   ARGUMENTS & AUTHORITY

### Legal standard on a 12(b)(6) motion to dismiss

Federal Rule of Civil Procedure 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

### The Complaint satisfies Rule 8 and provides fair notice

Mortgage One argues that because Plaintiff does not publish his specific cellular phone number in his Complaint, Mortgage One lacks fair notice under Rule 8. However, there is no requirement that a consumer must expose their private telephone number, subjecting themselves to further spam and harassment, on a public docket just to state a claim.

PLAINTIFF'S RESPONSE - 2



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

"In support, they cite a district court case which required the plaintiff to plead her cellular telephone number; otherwise "TCPA defendants are forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff." However, *Strand* is contrary to most other district courts, including many in the Ninth Circuit, that do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant."

*Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1059 (D. Or. 2014) (internal citation omitted).

"a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged. First, the Court notes that a TCPA defendant is not "forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff," because such information is readily available through discovery and is not the sole means of identifying the particular TCPA violation alleged in a plaintiff's pleadings."

*Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 U.S. Dist. LEXIS 159203, at *11 (N.D. Tex. Nov. 10, 2014)

"the weight of district-court authorities holds that a plaintiff need not plead her specific telephone number to state a claim under the TCPA"

*Arcieri v. Suntuity Solar Ltd. Liab.* Co., No. 20-16292 (FLW), 2021 U.S. Dist. LEXIS 186205, at *18 (D.N.J. Sep. 27, 2021).

The Plaintiff's Complaint explicitly identifies:

- The exact dates of the communications.

- The specific originating phone numbers used by Mortgage One's agents.

- The content and names of the callers representing Mortgage One ("Sam", "Jay").

Mortgage One is a commercial entity, presumably in possession of its own outbound call records, customer relationship management (CRM) databases, and dialer logs. Armed with the specific dates, originating numbers, and caller names provided in the Plaintiff's complaint Mortgage One can easily cross-reference its own records to identify the recipient. To suggest that Mortgage One "cannot identify the communications at issue" is disingenuous.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

Mortgage One could have also just asked the Plaintiff's counsel for the number, before filing a motion to dismiss, and Plaintiff's counsel would have provided it, in a format not accessible to the general public.

Furthermore, Plaintiff's references to "no fewer than ten" violations reflect the ongoing, systemic nature of the telemarketing campaign that discovery will further reveal. For pleading purposes, the four detailed exemplars are more than sufficient.

The Plaintiff has documented four communications from Mortgage One, but also recalls prior communications for which he can't recall the dates, times, and exact number of communications. Those facts will be hammered out in discovery and the Plaintiff's complaint amended as appropriate.

In arguing *Barton v. Real Innovation Inc*, Mortgage One conflates a court declining to award ***damages***, in the context of a default judgment, for calls not specifically pleaded in the complaint, as being the same standard that this Court should apply on its motion to dismiss.

Complaints are not required to list every alleged call at the pleading stage. *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) ("notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every text message.").

Mortgage One cannot impose a heightened pleading standard. The Supreme Court has made clear that Rule 8(a)(2) applies uniformly to "all civil actions and proceedings," and does not require heightened fact pleading except where specifically mandated by Rule 9 (fraud or mistake).

**The Plaintiff adequately states a claim under the TCPA (Count I)**

To state a claim under 47 U.S.C. § 227(c), a plaintiff must allege that they registered their number on the National DNCR and subsequently received more than one telephone solicitation within a 12-month period by or on behalf of the same entity.

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

The Plaintiff has done precisely that:

1. **DNCR Registration**: Plaintiff registered his number on the DNCR. Dkt. 1-2 ¶ 17.

2. **Multiple Solicitations**: Plaintiff received four solicitations in the span of one week (November 18, 19, 21, and 25, 2025). *Id.* ¶ 20.

3. **On Behalf of the Same Entity**: The callers explicitly identified themselves as "Sam with Mortgage One Funding," "Jay from Mortgage One Funding," and "Jason with Mortgage One". *Id.*

The Plaintiff's complaint clearly alleges that Mortgage One initiated or caused to be initiated calls and text messages to Mr. Littman's cellular telephone number, without his consent, for years. These messages were commercial in nature, promoting Mortgage One's services. The Plaintiff's complaint establishes that the Plaintiff never provided prior express consent to receive such messages. *Id.* ¶¶ 18-20.

Mortgage One's claim that these communications were not "telephone solicitations" because Plaintiff did not transcribe the calls verbatim is a meritless hyper-technicality. The Complaint explicitly alleges that these calls and text messages encouraged "the purchase of financial services from Mortgage One." *Id.* ¶20.

**Plaintiff's Complaint adequately states a claim under the Washington Telephone Solicitation Act**

The Washington Telephone Solicitation Act ("WTSA") prohibits telephone solicitations to phone numbers registered on the national do-not-call list. RCW 80.36.390(9). It applies to "all telephone solicitation intended to be received by telephone customers within the state." *Id.*

Mr. Littman resides in Washington State and has a Washington State area code phone number. *Id.* ¶¶ 5,14. For the reasons outlined above, the Plaintiff has adequately pleaded Count 2 of his Complaint.

PLAINTIFF'S RESPONSE - 5

NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

**The Complaint adequately states a claim under the Commercial Electronic Mail Act**

Washington's Commercial Electronic Mail Act ("CEMA") provides that:

"[n]o person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages."

RCW 19.190.060(1).

The plain language of CEMA prohibits "electronic commercial text message[s]" sent to cellular phones. The Complaint alleges that Mortgage One sent exactly such text message solicitations to the Plaintiff's cell phone. Dkt. 1-2 ¶ 20. This straightforward application of the statute to the alleged facts states a plausible claim.

**Plaintiff's Complaint states claims under the Washington Consumer Protection Act**

**1. CEMA claim**

A violation of CEMA is a *per se* violation of Washington State's Consumer Protection Act ("CPA").

"The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW."

RCW 19.190.060(2).

The five elements of a CPA claim are: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 719 P.2d 531 (1986).

PLAINTIFF'S RESPONSE - 6



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

Mortgage One's reliance on *Gragg v. Orange Cab Co.*, is outdated. Four years after that decision was handed down, the Washington Supreme Court held that CEMA's statutory language, specifically RCW 19.190.040, automatically satisfy all five *Hangman* elements. "We conclude that RCW 19.190.040 establishes the injury and causation elements of a CPA claim as a matter of law." *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 732, 406 P.3d 1149 (2017).

### 2. WTSA claim

The Plaintiff's claim under The Washington Telephone Solicitation Act ("WTSA") is also a *per se* violation of the CPA. RCW 80.39.390(12). In the Plaintiff's corresponding count related to the WTSA he "re-alleges the previous paragraphs" (causation) and pleads, "The Plaintiff has been damaged and injured as a result of these [Mortgage One's] actions." Dkt. 1-2 ¶ 64.

In the context of the WTSA, to satisfy the fourth element, injury to business or property and the fifth element, causation, a plaintiff must show that the unlawful solicitation directly diminished their commercial enterprise, property interest, or money, even if such damages are minimal. *Mason v. Mortg. Am.*, 114 Wn.2d 842, 854, 792 P.2d 142 (1990).

The *Mason* court went onto hold:

> "[t]his distinction makes it clear that no monetary damages need be proven, and that nonquantifiable injuries, such as loss of goodwill would suffice for this element of the *Hangman Ridge* test." The fact that the Act allows for injunctive relief bolsters the conclusion that injury without specific monetary damages will suffice. A loss of use of property which is causally related to an unfair or deceptive act or practice is sufficient injury to constitute the fourth element of a Consumer Protection Act violation. The injury element will be met if the consumer's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal."

> *Id.*

The Plaintiff pleaded about, and prayed for, amongst other things, his actual damages. Dkt. 1-2 ¶ 95. At trial, the Plaintiff will prove these damages. This includes, amongst other things, his actual costs associated with investigation and putting a stop to the illegal telemarkting calls by Mortgage One. This will also include the loss of use of his cell phone, albeit it minimal, while

PLAINTIFF'S RESPONSE - 7

Mortgage One was soliciting him.

Even the postage stamps for the two letters mailed to Mortgage One in the Plaintiff's attempt to bring an end to telemarking calls are "injury" under the CPA. Out-of-pocket postage expenses incurred by a plaintiff to investigate, respond to, or attempt to dispel the legal ramifications of a deceptive business practice are legally sufficient to establish a compensable injury to "business or property." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 35, 58-60, 204 P.3d 885 (2009). *See also Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 178-180, 159 P.3d 10 (2007).

**Plaintiff has standing to seek injunctive relief**

**1. Legal standard on a 12(b)(1) motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge subject matter jurisdiction through either a facial or a factual attack. A facial attack, as Mortgage One has done, "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In resolving a facial attack, the Court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in the plaintiff's favor, confining its review to the four corners of the complaint. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

**2. Plaintiff's claims for injunctive relief**

Plaintiff's Count 5 (Injunctive Relief)  invokes causes of action that Congress and the Washington Legislature have expressly made privately enforceable through injunctive suits: 47 U.S.C. § 227(c)(5)(A), RCW 80.36.390(13), RCW 19.190.090(1) and RCW 19.86.090. Dkt. 1-2 ¶¶ 83-86.

The Plaintiff's allegations are not relegated to "only past communications." The Plaintiff alleges additional, forward-looking predicate that injunctive relief requires and that the earlier damages counts do not: that Mortgage One's conduct "constitute a documented pattern and



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

practice of behavior" continuing to impact Plaintiff and similarly situated individuals, and that injunctive relief is "necessary to prevent further harm." Dkt. 1-2 ¶¶ 90-91.

This is forward looking because all the statutes on which the Plaintiff's claims for injunctive relief are predicated aren't restricted to only the Plaintiff, but consumers in general. Put another way, Plaintiff's injunctions aren't just to protect him, but to also protect the public at large from unwanted telemarketing communications.

**Treble damages**

At trial the burden will be on the Plaintiff to prove that Mortgage One's violations of the TCPA, WTSA, CEMA, and CPA were willful and/or knowing. However, it's not an appropriate subject for a 12(b)(1) or 12(b)(6) motion to dismiss. Nor can the potential for those damages be resolved on a 12(b)(1) or 12(b)(6) motion to dismiss.

### III.    CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests this Court deny Mortgage One's motions to dismiss in their entirety and allow this case to proceed to discovery. Should this Court grant Mortgage One's motions, in part or in whole, the Plaintiff respectfully requests this Court grant him leave to amend his Complaint.

DATED July 23, 2026

NORTHWEST DEBT RESOLUTION, LLC

/s/ Peter Schneider
Peter Schneider, WSBA# 43131
Attorney for Plaintiff
10900 NE 4th Street, Ste. 2300
Bellevue, WA 98004
PH: 206-800-6000
FX: 206-800-6015

PLAINTIFF'S RESPONSE - 9



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## <u>DECLARATION OF COMPLIANCE</u>

The Plaintiff certifies this Response contains 2,688 words in compliance with LCR 7(e)(4).

DATED July 23, 2026

NORTHWEST DEBT RESOLUTION, LLC


/s/ Peter Schneider
Peter Schneider, WSBA# 43131
Attorney for Plaintiff
10900 NE 4th Street, Ste. 2300
Bellevue, WA 98004
PH: 206-800-6000
FX: 206-800-6015



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## DECLARATION OF SERVICE

I, Peter Schneider, am a resident of the State of Washington, over the age of 18 and competent to make this declaration herein. On the date indicated below, I served the foregoing document to the following recipients in the manner described below:

Nathan H. Lichtenstein

Khoa D. Trinh

Todd T. Williams

Mark Rutherford

| | |
|---|---|
| ☐ | USPS first class mail |
| ☐ | E-mail |
| ☐ | Facsimile |
| ☒ | Other – ECF e-service |

DATED July 23, 2026

/s/ Peter Schneider
Peter Schneider



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015