HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RON LITTMAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

MORTGAGE ONE FUNDING, LLC, and DOES 1-10,

Defendants.

No. 3:26-cv-05548-BHS

**DEFENDANT MORTGAGE ONE FUNDING LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Mortgage One Funding LLC ("Mortgage One"), by undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), states as follows in support of its Motion to Dismiss Plaintiffs' Complaint:

## I. INTRODUCTION

Plaintiff's Response largely confirms the deficiencies identified in Mortgage One's Motion. More significantly, Plaintiff no longer argues the sufficiency of the Complaint as pleaded. Instead, although the Complaint alleges "no fewer than ten" TCPA, WTSA, and CEMA violations and "no fewer than twenty" CPA violations, Plaintiff admits he cannot identify the dates, times, or even the number of the additional communications and argues those facts may be developed through discovery. Rule 8 does not permit a plaintiff to plead



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

unidentified statutory violations in the hope that discovery will supply the missing facts. Nor does the Response cure the Complaint's failure to plausibly allege the elements of the asserted claims or Plaintiff's entitlement to prospective injunctive relief. The Motion should therefore be granted.

## II. ARGUMENT

### A. Plaintiff's Response Confirms the Complaint Does Not Plausibly Allege the Claimed Violations.

Plaintiff's Response effectively concedes that the Complaint does not presently allege the facts necessary to support the scope of liability it asserts. Although the Complaint alleges "no fewer than ten" TCPA, WTSA, and CEMA violations and "no fewer than twenty" CPA violations, Plaintiff now admits he "can't recall the dates, times, and exact number" of the additional communications and instead contends those facts "will be hammered out in discovery." Response at 4.

That concession does not cure the pleading deficiency—it confirms it. Plaintiff is no longer arguing that the Complaint itself contains sufficient factual allegations to support the claimed violations. Instead, Plaintiff asks the Court to permit discovery in the hope that the factual basis for those additional violations can later be identified. Rule 8 requires sufficient factual allegations to state a plausible claim before discovery begins. Plaintiff cannot plead unidentified statutory violations first and hope discovery later reveals the communications supporting them.

Plaintiff's Response likewise finds no support in *Dawson v Porch.com*, No. 2:20-CV-00604-RSL, 2024 WL 4765159 (W.D. Wash, Nov. 13, 2024). There, the complaint contained individualized factual allegations identifying the communications underlying each plaintiff's claims, and the court evaluated whether those allegations plausibly supported each statutory theory. *Id*. at *1-4. Here, by contrast, Plaintiff alleges substantially more statutory violations



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

than the communications actually identified in the Complaint and now acknowledges that the remaining communications cannot presently be identified. *Dawson* illustrates the type of factual allegations that permitted the court to evaluate whether the pleaded statutory claims were plausible. It does not suggest that a plaintiff may allege numerous statutory violations while conceding that the communications underlying those alleged violations cannot presently be identified.

**B. Plaintiff's Authorities Do Not Cure the Complaint's Failure to Provide Fair Notice.**

Plaintiff devotes much of his Response to arguing that Rule 8 did not require him to plead his telephone number. Mortgage One's Motion, however, does not depend solely upon that omission. The Motion explains that the Complaint fails to identify the communications supporting the majority of the alleged statutory violations. None of Plaintiff's cited authorities addresses that circumstance.

Plaintiff's reliance on *Ott* and *Crawford* is misplaced. Both out-of-circuit cases addressed the narrow question of whether a TCPA complaint was deficient because it omitted the plaintiff's telephone number. *See Ott v. Mortgage Investors Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046 (D. Or. 2014) (rejecting argument that complaint failed solely because it did not identify the plaintiffs' telephone numbers); *Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 WL 5847490, at *3 (N.D. Tex. Nov. 10, 2014) (same, where the defendant challenged only the omission of the called telephone number). Mortgage One's Motion presents a different issue. It challenges Plaintiff's failure to identify the communications underlying the majority of the statutory violations alleged in the Complaint. Neither *Ott* nor *Crawford* approved pleading numerous unidentified statutory violations that the plaintiff admittedly cannot presently identify and instead hopes to develop through discovery.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff's reliance on *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010), is likewise misplaced. There, the court rejected the argument that Rule 8 required the plaintiff to plead every allegedly unlawful text message. Mortgage One makes no such argument. Rather, Plaintiff alleges "no fewer than ten" TCPA, WTSA, and CEMA violations and "no fewer than twenty" CPA violations while identifying only four communications and now admits he cannot identify the remainder. *Kramer* did not authorize pleading unidentified statutory violations and relying on discovery to uncover the basis for those claims later.

**C. Plaintiff Mischaracterizes Mortgage One's Reliance on Barton.**

Plaintiff argues *Barton v American Family Life Assurance Co of Columbus, No. 3:25-CV-05671-TMC, 2026 WL 177598 (WD Wash, January 22, 2026),* is distinguishable because it arose in the context of a default judgment. Mortgage One cited *Barton* not because of its procedural posture, but because the court applied ordinary Rule 8 principles requiring factual allegations, not statutory conclusions, to support the asserted claims. *Id*. at *9. Rather than identifying the communications supporting the additional statutory violations alleged in the Complaint, Plaintiff admits he cannot presently identify them and instead asks the Court to permit discovery to develop those facts after suit has already been filed.

**D. Plaintiff Still Fails to Establish Article III Standing for Injunctive Relief.**

Plaintiff's Response likewise fails to establish standing for prospective injunctive relief. Rather than discussing facts showing a real and immediate threat of future injury to Plaintiff himself, Plaintiff argues that an injunction would protect consumers generally.

Article III requires more. Plaintiff alleges only four communications occurring during one week in November 2025 and does not dispute that the Complaint identifies no subsequent communications or other facts plausibly suggesting a real and immediate threat of future injury. Generalized allegations concerning harm to the public cannot substitute for Plaintiff's burden to establish his own standing.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## III. CONCLUSION

Rule 8 does not permit a plaintiff to file suit first and use discovery to supply factual allegations that the Complaint itself lacks. Because Plaintiff admits he cannot presently identify the communications underlying the majority of the alleged statutory violations, the Complaint fails to state plausible claims for relief. For the foregoing reasons, Defendant Mortgage One Funding LLC respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety or for such other and further relief as the Court deems just and proper.

DATED this 30th day of July, 2026.

*The undersigned certify that this motion contains 1057 words, in compliance with the Local Civil Rules.*

*/s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein (admitted *pro hac vice*)
Khoa D. Trinh (admitted *pro hac vice*)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
ktrinh@agdglaw.com
nlichtenstein@agdglaw.com

*/s/ Todd T. Williams*
Todd T. Williams, WSBA No. 45032
Mark Rutherford, WSBA No. 57519
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
(206) 625-8600
twilliams@corrcronin.com
mrutherford@corrcronin.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, a true and correct copy of the foregoing DEFENDANT MORTGAGE ONE FUNDING LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed and served via CM/ECF to all parties of record.

DATED July 30, 2026.

*/s/ Todd T. Williams*
Todd T. Williams, WSBA No. 45032



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900