UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RON LITTMAN,

Plaintiff,

v.

MORTGAGE ONE FUNDING LLC,

Defendant.

CASE NO. 3:26-cv-05548-BHS

ORDER

This matter is before the Court on defendant Mortgage One's Federal Rule of Civil Procedure 8 and 12(b)(6) motion to dismiss. Dkt. 16.

Plaintiff Ron Littman filed this putative class action against Mortgage One for sending him and members of a proposed class "unwanted text messages and phone calls solicitating financial services." Dkt. 1-2 at 6. He contends that these communications occurred over "the last four years," and identifies four specific alleged violations occurring between November 18 and November 25, 2025: a "[t]ext message from Sam with Mortgage One Funding," a text message that stated "just following up on my last

text," a "[v]oice call from Jay" from Mortgage One Funding with a call back number, and a second voice call from Jay. *Id.*

Littman asserts five claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Washington Telephone Solicitation Act ("TSA"), RCW 80.36.390(9); the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.060; and the Washington Consumer Protection Act ("CPA"), RCW 19.86, *et. seq*. He also seeks injunctive relief.

Mortgage One moves to dismiss for two independent pleading defects. First, it argues that Littman's complaint fails Rule 8's requirement to provide the defendant with fair notice of the communications giving rise to the claims. And second, it argues that the complaint fails to plausibly allege the statutory elements of each claim, including, for example, that it sent him communications to solicit his purchase of goods or services.

The issues are discussed in turn.

## I. DISCUSSION

### A. Legal Standards

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Its purpose is to give the defendant "fair notice" of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's

complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Generally, the Court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc*., 135 F.3d 658, 661 (9th Cir. 1998). But conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007) (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**B. Littman provides fair notice of his claims.**

Littman alleges "no fewer than ten" violations of the TCPA, TSA, and CEMA, and "no fewer than twenty" violations of the CPA. Dkt. 1-2 at 11, 12, 13. Yet, as Mortgage One points out, the complaint identifies only four communications—two text messages, one voicemail, and one telephone call, all occurring within a single week in November 2025. Dkt. 16 at 7. Mortgage One argues that, without identifying information

about the other allegedly unlawful communications, including "when they occurred, what they contained, who made them, or which statutes they allegedly violated," the complaint fails to provide fair notice of the claims. Mortgage One also argues that the complaint relies on all communications to support all counts, but that the TCPA, TSA, CEMA, and CPA contain different elements and regulate different conduct. He further emphasizes that Littman does not even identify his own telephone number, leaving Mortgage One unable to identify the communications at issue or meaningfully respond to the allegations. Dkt. 16 at 5.

Littman responds that there is no requirement to publish his cellular phone number to state a claim. He notes that the complaint identifies the originating phone numbers used by Mortgage One agents, four dates of communications, and the content and names of the callers representing Mortgage One. Dkt. 17 at 3. Littman also argues that his claim "reflect[s] the ongoing, systemic nature of the telemarketing campaign that discovery will further reveal." Dkt. 17 at 4. He asserts that, at this stage, the "four detailed exemplars are more than sufficient." *Id.*

The Court agrees. Littman need not identify the specific telephone number or enumerate every infringing call or text message to provide fair notice of the claims against Mortgage One. *See Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014) ("[I]f there is a question about the phone number at issue, it can be addressed through discovery."); *Sprogis v. Suntrust Bank*, No. 6:13–CV–365–Orl–37, 2013 WL 2456090, at *2 (M.D.Fla. June 6, 2013) (information such as the frequency of the calls, the date of the calls, and the telephone number from which the calls were

received "is more likely to be in Defendant's records and accessible through discovery"). Littman provides specific details regarding four communications, including when they occurred, how they were made, and the Mortgage One agent who made the call or message. That is sufficient to provide fair notice.

Mortgage One's Rule 8 motion to dismiss for failure to provide fair notice of Littman's claims against it is **DENIED**.

**C. Littman plausibly alleges a TCPA and TSA claim.**

Littman alleges that Mortgage One violated the TCPA and the TSA by making telemarketing calls to him despite his number being listed on the National Do Not Call Registry.

Mortgage One argues that Littman does not allege the content of those calls or messages with enough specificity to show that they were intended to encourage the purchase of goods or services. It also points out that Littman does not identify six of the ten allegedly infringing communications.

Littman responds that the complaint "clearly alleges that Mortgage One initiated or caused to be initiated calls and text messages to Mr. Littman's cellular telephone number, without his consent, for years." Dkt. 17 at 5. He argues that those communications encouraged the purchase of financial services and that requiring him to reproduce the call or text "verbatim is a meritless hyper-technicality." *Id.*

The TCPA "prohibits certain unsolicited telephone calls" such as "telephone solicitations sent to residential telephone subscribers who have registered their phone numbers on the national do-not-call registry." *Chennette v. Porch.com, Inc.*, 50 F.4th

1217, 1219–20 (9th Cir. 2022) (citing 47 U.S.C. § 227(c)); *see* 47 C.F.R. § 64.1200(c)(2). Washington's TSA likewise seeks to protect consumers registered on the DNC registry from unwanted telephone solicitations. *See* RCW 80.36.390(9). A telephone solicitation is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. 47 U.S.C. § 227(a)(4); *see also* RCW 80.26.390(1)(a) (Similarly, under the TSA, a telephone solicitation means "the unsolicited initiation of a telephone call by a commercial or nonprofit company or organization to a person for the purpose of encouraging the person to purchase property, goods, or services.").

Littman plausibly alleges that Mortgage One violated both the TCPA and TSA by sending him four communications in November 2025 to solicit the purchase of financial services. He need not identify every call or message that Mortgage One sent him over the past four years or provide further details at this stage. His allegations that Mortgage One contacted him without his consent, despite his phone number being listed on the Do Not Call Registry, support a reasonable inference that it contacted him to solicit financial services. Indeed, Mortgage One does not contend otherwise. Whether the evidence supports those allegations is a question better resolved on a developed factual record.

Mortgage One's Rule 12(b)(6) motion to dismiss Littman's TCPA and TSA claim is **DENIED.**

**D. Littman plausibly alleges a CEMA claim.**

Littman alleges that Mortgage One violated CEMA "no fewer than ten occasions" by sending him text messages to promote its property, goods, or services. Dkt. 1-2 at 13.

The complaint specifically identifies two text messages: a November 18, 2025, "[t]ext message from Sam with Mortgage One Funding" and a November 19 text stating, "just following up on my last text." Dkt. 1-2 at 6.

Mortgage One responds that Littman's fails to allege facts establishing that either message constitutes a "commercial electronic text message" or identify the remaining eight allegedly infringing text messages identified in his complaint. Dkt. 16 at 10.

The Court concludes that Littman has plausibly alleged a CEMA violation despite not reproducing the text messages in full or providing every allegedly infringing text over the past few years. CEMA prohibits "electronic commercial text message[s]" sent to Washington resident's cellular phones. RCW 19.190.060. Littman alleges that he resides in Pierce County and that Mortgage One sent him text messages with the purpose of soliciting financial services. He identifies two such messages, including information about the sender, date, and general description of their content. At this stage, these allegations are sufficient to support a plausible CEMA claim.

Mortgage One's Rule 12(b)(6) motion to dismiss Littman's CEMA claim is **DENIED**.

**E. Littman plausibly alleges a CPA claim.**

Littman alleges that Mortgage One violated the CPA on at least twenty occasions, predicated on Mortgage One's violations of the TSA and CEMA. Mortgage One argues that Littman's CPA claims fail because he has not adequately pleaded violations of either statute. Dkt. 16 at 12. Mortgage One further contends, however, that even if he has

adequately alleged a CEMA violation, he has failed to plausibly plead injury to business or property as required under the CPA.

To prevail on a private CPA claim, the plaintiff must prove five "distinct" elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) a causal link between the unfair or deceptive act and the injury. *Montes v. SPARC Grp. LLC*, 6 Wn.3d 321, 330 (2026) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986)). The term "business or property" means injuries that are economic in nature. *Id*. at 331. Noneconomic injuries like "personal injury, 'mental distress, embarrassment, and inconvenience" are not compensable under the CPA. *Id*.

Littman correctly responds that the Washington State Supreme Court has made clear that a CEMA violation is a per se violation of the CPA, satisfying the injury and causation elements as a matter of law. Dkt. 17 at 7 (citing *Wright v. Lyft, Inc*., 189 Wn.2d 718, 732 (2017)); *see also* RCW 19.190.060. Because Littman has plausibly alleged a CEMA violation, he has also plausibly alleged a CPA claim based on that violation.

Mortgage One does not separately challenge the injury and causation elements of Littman's CPA claim based on alleged TSA violations.

Mortgage One's motion to dismiss Littman's CPA claim is **DENIED**.

**F. Littman does not have standing to seek injunctive relief.**

Littman alleges that Mortgage One's actions constitute "a documented pattern and practice of behavior that has impacted [him] and other individuals similarly situated" and that "injunctive relief is necessary to prevent further harm and injury." Dkt. 1-2 at 15.

Mortgage One argues that Littman lacks standing to seek injunctive relief because he alleges only past calls and text messages, without alleging that Mortgage One continues to contact him. Dkt. 16 at 13.

Littman replies that an injunction is necessary not only to protect him, but also to protect the public at large from unwanted telemarketing communications.

Standing is a threshold issue central to the Court's subject matter jurisdiction. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc). "A plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (citation modified). Injunctive relief requires that the threat of injury be "actual and imminent," or "certainly impending," and "not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Clapper v. Amnesty Int'l USA*, 568 U.S. 389, 409 (2013)). "Allegations of possible future injury do not satisfy the requirements of [Article] III." *Whitmore v. Arkansas*, 459 U.S. 149, 158 (1990). When standing is "premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Davidson*, 889 F.3d at 967 (citing *City of Los Angeles v. Lyons*, 561 U.S. 95, 111 (1983)).

Although Littman contends that an injunction is necessary to prevent further harm, the timing and number of calls for one week in November 2025, do not show a "sufficient likelihood that he will again be wronged in a similar way." *Brown v. Nano Hearing Tech Opco, LLC*, No. 24-cv-00221-BTM-JLB, 2024 WL 3367536, at *8 (S.D. Cal. Jul. 9, 2024) ("The timing and number of calls" on December 4, 2023, alone, do not show 'a sufficient likelihood that [Plaintiff] will again be wronged in a similar way.'") (quoting *Lyons*, 461 U.S. at 111). Littman provides no evidence that Mortgage One called him in 2026 or retained his phone number after he allegedly revoked his consent. *Cf. Bell v. Hawx Servs., LLC*, No. 2:24-CV-00825-DC-DMC, 2025 WL 2533371, at *4 (E.D. Cal. Sept. 3, 2025) (concluding that defendant had sufficiently alleged a risk of future harm "due to Defendant's scrubbing policies (which appear nonexistent) and usage of automated dialing systems it cannot control").

Nor can Littman establish standing by seeking relief on behalf of unnamed class members. *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *15 (N.D. Cal. Sept. 23, 2016) ("Allegations that a defendant's conduct will subject unnamed class members to the alleged harm is insufficient to establish standing to seek injunctive relief on behalf of the class."); *Villa v. Maricopa Cnty.*, 865 F.3d 1224, 1229 (9th Cir. 2017) (class representative could not seek injunctive relief on behalf of class because she lacked standing to pursue that relief).

Littman lacks standing to seek injunctive relief. Mortgage One's motion to dismiss Littman's request for injunctive relief is **GRANTED**.

## II. ORDER

Mortgage One's motion to dismiss is **DENIED** as to Littman's TCPA, TSA, CEMA, and CPA claims and **GRANTED** as to Littman's request for injunctive relief. Littman's request for injunctive relief is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge