UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RON LITTMAN,

Plaintiff,

v.

MORTGAGE ONE FUNDING LLC,

Defendant.

CASE NO. 3:26-cv-05548-BHS

ORDER

This matter is before the Court on defendant Mortgage One's motion for reconsideration, Dkt. 24, of the Court's Order denying its motion to dismiss, Dkt. 22.

Motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling or (b) facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. *See* Local Rule 7(h)(1); *see also Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). The term "manifest error" is "an error that is plain and indisputable

and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through, whether rightly or wrongly. *See Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). Whether or not to grant reconsideration is committed to the sound discretion of the Court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Mortgage One argues that the Court erred in concluding that plaintiff Ron Littman plausibly alleged a TCPA claim by relying on *Chennette v. Porch.com, Inc.*, 50 F.4th 1217 (9th Cir. 2022). In *Chennette*, the Ninth Circuit extended residential-subscriber protections to qualifying cellular subscribers based, in part, on the FCC's interpretation of 47 U.S.C. § 227(c). Mortgage One contends that the Supreme Court's 2025 decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) undermines *Chennette* because it requires courts to independently interpret the TCPA rather than deferring to the FCC's interpretation.

*McLaughlin* is not an intervening change in the law. The Supreme Court decided *McLaughlin* a year ago, and Mortgage One could have raised this argument in its motion to dismiss. Moreover, Mortgage One identifies no holding in *Chennette* that conflicts with *McLaughlin.* Instead, it challenges *Chennette*'s interpretive methodology and its reliance on *Chevron* deference. But the Supreme Court in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) expressly declined to overrule prior holdings simply because a Court applied *Chevron* deference. *Id.* at 376 ("The Court does not call into question prior cases that relied on the Chevron framework."). And *Chennette* did not rely on the FCC's interpretation alone. It also considered the plain language of § 227(c), its implementing regulations, and the prevailing view among a majority of district courts. *Chennette*, 50 F.4th at 1223–24. Because *Chennette* is not clearly irreconcilable with either *McLaughlin* or *Loper Bright*, it remains binding Ninth Circuit precedent. *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003). The Court did not err by following it.

Mortgage One next cites recent out-of-circuit district court decisions concluding that residential telephone subscriber protections do not extend to cellular service subscribers. But those decisions do not constitute an intervening change in *controlling* law. The Court must follow the law of this Circuit, which clearly holds otherwise. *See Chennette*, 50 F.4th at 1225; *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023).

Mortgage One also cites *Internicola v. MortgagePros, LLC*, No. 6:25-cv-01613-AGM-LHP, 2026 WL 3027393, at *3–4 (M.D. Fla. Sept. 24, 2026), a nonbinding, out-of-

circuit district court decision, to support an argument that § 227(c)(5) does not authorize private enforcement of the national do not call registry. This is the first time that Mortgage One has made this argument. Newly raised arguments unsupported by either new evidence or an intervening change in controlling law do not warrant reconsideration.

Mortgage One's motion for reconsideration, Dkt. 24, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of November, 2026.

BENJAMIN H. SETTLE
United States District Judge